IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         :

                               :

   v.                           :     Criminal Case No. DKC 08-0373
                                       Civil Action No. DKC 20-1587
                               :

KAIRI A. MUGADDIM                 :

                               :

**MEMORANDUM OPINION**

Kairi A. Mugaddim, through counsel, filed a motion to vacate judgment under 28 U.S.C. § 2255 on June 10, 2020, arguing that in light of the Supreme Court's decision in *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019), Mr. Mugaddim's guilty plea and subsequent conviction must be vacated. (ECF No. 45). Mr. Mugaddim was released from imprisonment to begin his three-year period of supervised release on January 10, 2014. His supervised release was revoked on December 20, 2016, and he was sentenced to imprisonment until January 9, 2017. (ECF No. 41). No term of supervised release was imposed upon release from imprisonment.[1] The court issued a show cause order on July 8, 2020, directing Petitioner to show cause why his pending motion to vacate judgment should not be dismissed. (ECF No. 46). Petitioner's counsel filed a response on November 21, 2021, acknowledging that "Mr. Mugaddim

---

[1] Mr. Mugaddim is currently serving a criminal sentence imposed in TDC-8-19-00380-1.

was not in custody on the date his § 2255 motion was filed, and that custody is a § 2255 requirement" and advising that correspondence was sent to Mr. Mugaddim asking if he wanted voluntarily to withdraw his § 2255 petition. To date, Mr. Mugaddim has not responded to either counsel's correspondence or counsel's motion to withdraw. Accordingly, counsel's motion to withdraw (ECF No. 48) IS GRANTED.

Mr. Mugaddim's motion to vacate judgment under 28 U.S.C. § 2255 will be dismissed. By the time the motion was filed, he had served his period of imprisonment and was no longer on supervised release. Thus he was not eligible to bring a motion to vacate pursuant to § 2255. *Maleng v. Cook*, 490 U.S. 488, 491 (1989).

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Upon review of the record, the court finds that Mr. Mugaddim does not satisfy the above standard. Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner. A separate order will follow.

                                                               /s/
DEBORAH K. CHASANOW
United States District Judge